IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BETH HOLCOMBE, | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| v. | : |
| | : NO. _____ |
| HSI FINANCIAL SERVICES, LLC, | : |
| a Georgia limited liability company, | : |
| Defendant. | : |

**COMPLAINT FOR DAMAGES**

**CERTIFICATE OF INTERESTED PARTIES
PURSUANT TO S.D.Ga. LR 3.2**

1. Plaintiff's counsel certifies that the following is a full and complete list of the parties in this action:

    BETH HOLCOMBE,                              Plaintiff,

    HSI FINANCIAL SERVICES, LLC        Defendant.

The undersigned further certifies that the following is a full and complete list of officers, directors, or trustees of the above-identified parties:

-1-

>Defendant's only known officers at this time are Terence A. Johnson, Richard T. Howerton, III, Joan Hitchcock and Pam Nexon.

The undersigned further certifies that the following is a full and complete list of other persons, firms, partnerships, corporations, or organizations that have a financial interest in, or another interest which could be substantially affected by, the outcome of this case (including a relationship as a parent or holding company or similar relationship):

>The only interested parties known to Plaintiff at this time are Phoenix Healthcare Management Services, Inc. and VHA Georgia, Inc.

## INTRODUCTION

1. This is an action for damages against the defendant for violations of the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227 and the regulations proscribed thereunder, 47 C.F.R. § 64.1200.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff BETH HOLCOMBE is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant HSI FINANCIAL SERVICES, LLC is a limited liability company organized under the law of the State of Georgia. [Hereinafter said defendant is referred to as "HSI"].

5. HSI transacts business in this State.

6. HSI's transactions in this State give rise to the Plaintiff's Cause of Action.

7. HSI is in the business of collecting debts on behalf of medical providers.

8. In the course of its business, HSI directed telephone calls to Plaintiff's cellular telephone number.

9. HSI is subject to the jurisdiction and venue of this Court.

10. HSI may be served by personal service on its registered agent in the State of Georgia, to wit: Richard T. Howerton, III, 900 Circle 75 Pkwy, SE, Suite 1450, Atlanta, GA 30339.

11. Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion. Specifically, the creditor on whose behalf the calls were placed may be added as a party and liable for the conduct of HSI.

## STATEMENT OF FACTS

12. Defendant made and/or initiated telephone calls to Plaintiff's cellular telephone number.

13. In some of the telephone calls, Defendant used an artificial or prerecorded voice to deliver a message.

14. All of the telephone calls were placed using a predictive dialer.

15. All of the telephone calls were placing using collection software capable of predictive dialing.

16. The telephone calls to Plaintiff's cellular telephone number were initiated using equipment that dials numbers.

17. HSI uses the "Verified Contacts" dialing system published by Ontario Systems, LLC.

18. When HSI's computer software is attached to its dialing equipment, it has the capacity to store telephone numbers and to dial those numbers at random, in sequential order, or from a database of numbers.

19. HSI programs telephone numbers into its system which then dials those numbers at a rate to ensure that a customer representative will be available when a consumer answers the telephone.

20. HSI's dialing system has a setting referred to as "unattended messaging."

21. Pam Nexon is the Director of Operational Performance Improvement for HSI.

22. Under oath, Pam Nexon has testified regarding HSI's dialing system that "Unattended messaging means that we call a telephone number. If the dialer detects an answering machine or a connect, it'll leave a message. No collector works in this pool; it is strictly dialed by the technology. It's a mode of dialing."

23. HSI's dialing system has the capacity to dial from a list of telephone numbers without human intervention.

Case 2:12-cv-00056-LGW-JEG   Document 1   Filed 03/09/12   Page 6 of 9


24. HSI's telephone calls to Plaintiff were placed using an automatic telephone dialing system.

25. Plaintiff spoke to representatives of HSI on multiple occasions.

26. Plaintiff was informed by representatives of HSI that the calls were an attempt to collect a debt allegedly owed by a person by the name of Paul Brooks.

27. Plaintiff does not know any person by the name of Paul Brooks.

28. HSI did not have the prior express consent of Plaintiff to initiate telephone calls to her cellular telephone number using an automatic telephone dialing system.

29. HSI did not have the prior express consent of Plaintiff to initiate telephone calls to her cellular telephone number using an artificial or prerecorded voice to deliver a message.

30. The telephone calls to Plaintiff's cellular telephone number were knowingly and/or willfully initiated using an automatic telephone dialing system.

31. The telephone calls to Plaintiff's cellular telephone number which used an artificial or prerecorded voice to deliver a message were knowingly and/or willfully initiated.

32. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## TELEPHONE CONSUMER PROTECTION ACT

33. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

34. Defendant's violations of the TCPA include, but are not limited to, the following:

35. Making and/or initiating a telephone call using an automatic telephone dialing system to a cellular telephone number without the prior express consent of the called party, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

36. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

37. In the event that this Court finds that the Defendant's violations were committed willfully or knowingly, Plaintiff requests an award of statutory damages of $1,500.00 for each such violation.

38. In the event that this Court finds that the Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

**PRAYERS FOR RELIEF**

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney's fee;

c) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

      S<small>KAAR</small> & F<small>EAGLE</small>, <small>LLP</small>

  by:  /s/ Justin T. Holcombe
     Justin T. Holcombe
     Georgia Bar No. 552100
     jholcombe@skaarandfeagle.com
     Kris Skaar
     Georgia Bar No. 649610
     krisskaar@aol.com
     P.O. Box 1478
     331 Washington Ave.
     Marietta, GA 30061-1478
     770 / 427-5600
     404 / 601-1855 fax

     James M. Feagle
     Georgia Bar No. 256916
     jimfeagle@aol.com
     108 East Ponce de Leon Avenue
     Suite 204
     Decatur, GA 30030
     404 / 373-1970
     404 / 601-1855 fax

     ATTORNEYS FOR PLAINTIFF